██ FRANKLIN FURNITURE NORTHERN LIGHTS CORP., Respondent, v. UNION CENTRAL LIFE INSURANCE COMPANY, Respondent, and JOSEPH PIRRO, Appellant. Memorandum: We agree with the conclusion of Special Term that triable issues of fact are presented. (Appeal from order of Onondaga Special Term denying motion for summary judgment.) Present — Williams, P. J., Bastow, Henry and Marsh, JJ.

██ In the Matter of the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

 Memorandum: Newell Road in the rural Town of Sheridan, Chautauqua County, formerly carried over the tracks of the New York Central Railroad by a timber bridge constructed in 1906 and ordered replaced by a bridge constructed in accordance with modern standards, is one of four crossings in the western portion of the town. At the time of the hearing conducted in this proceeding the Harrington Road crossing 3,500 feet west of Newell Road was an unprotected crossing, the Waites Road crossing 1¾ miles east of Newell Road was an unprotected crossing and the Center Road crossing, two miles east of Newell Road and a heavier traffic artery was a timber bridge crossing. Following the order of the Public Service Commission requiring construction of a modern bridge at Newell Road at an estimated cost of $170,000, both the Town of Sheridan and the New York Central Railroad moved for a rehearing and reconsideration of the issues. It appears that subsequent to the original hearing and the finding of the examiner that closing of the Newell Road crossing would divert traffic including school buses over an unprotected crossing at Harrington Road, the railroad, in pursuance of an order of the Public Service Commission, provided automatic signals and gates at Harrington Road. It also appears that replacement of the Center Road crossing bridge by a modern structure can reasonably be expected in the near future. While the Newell Road order of the commission is based on a consideration of the interrelationship of the various crossings, changed circumstances occurring subsequent to the hearing would appear to reasonably require a reconsideration of the matter. The absence of any explanation by the commission of its reasons for denying the application of the town and railroad for a rehearing makes it impossible to determine what consideration if any was given the changed situation at these crossings since the original hearing. (Appeal from order of Public Service Commission dated January 25, 1966, denying petition for a rehearing.) Present — Williams, P. J., Bastow, Henry and Marsh, JJ.